UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM MALLOY,

          Petitioner,

v.

BRUCE HAUCK, et al.,

          Respondents.

Civil Action No. 09-1239 (DRD)

**MEMORANDUM OPINION**

    This matter comes before the Court upon Petitioner's response ("Response") to this Court's order dated May 26, 2009 ("May Order").

    The procedural history of this matter can be summarized as follows: in light of (a) Petitioner's failure to respond to this Court's order to show cause why his Petition should not be dismissed as untimely, and (b) return of the Clerk's mailing addressed to Petitioner, the Court entered its May Order directing administrative termination of this matter on the grounds of Petitioner's failure to notify the Court about his change of address. See Docket Entry No. 3 (detailing to Petitioner the issue of timeliness, the computation of period of limitations and the nature and requirements of statutory and equitable tolling) and Docket Entry No. 4 (explaining the grounds for administrative termination). The Clerk served the Court's May Order upon Petitioner by certified mail, return receipt requested.

On June 4, 2009, the Clerk received Petitioner's Response. See Docket Entry No. 5. The Response informed the Court that Petitioner's address was not changed and, in addition, provided the Court with the following information pertinent to the Court's order to show cause:

a. Petitioner's direct appellate proceedings were concluded on February 13, 2004, when the Supreme Court of New Jersey denied Petitioner certification. See id. at 3.

b. Petitioner filed his application for post-conviction relief on April 23, 2004. See id.

c. The Supreme Court of New Jersey denied Petitioner certification (with regard to Petitioner's post-conviction relief application) on February 19, 2008. See id.

d. Petitioner submitted the instant Petition to his prison officials, with request to mail the same to the Court, on March 17, 2009. See id. at 1.

Notably, Petitioner's Response did not assert any grounds for equitable tolling. See generally, id. However, Petitioner maintains that his Petition is timely. See id. at 4. Clarifying the basis for his position, Petitioner stated as follows:

> Petitioner had 90 days to seek certification from the United States Supreme Court [as to his application for post-conviction relief]. The time for seeking [such] certification expired [ninety days after February 19, 2008, i.e. on] May 20, 2008. Hence, Petitioner has to [file the instant Petition for] a Writ of Habeas Corpus no later than [by] May 20, 2009. [Since] Petitioner's

2

>   Petition was filed on March 17, . . . 2009, [the Petition was filed] well within the one year limitation [period[1]].

Id. at 4.

Petitioner errs. The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[2] which provides in pertinent part:

>   (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   >   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; …
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time

---

[1]   Petitioner's mathematics are incorrect: a full calendar year started on May 20, 2008, expires on May 19, 2009, rather than May 20. However, this observation is not crucial to this Court's analysis.

[2]   Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Hershberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

3

during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

The limitations period is tolled, however, during the time a properly filed application for state post-conviction relief is pending. See 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," then during the period between a lower state court's decision and the filing of a notice of appeal to a higher state court, see Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. See Swartz v. Meyers, 204 F.3d at 420-24. However, and paramountly here, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court (or during the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court with

regard to post-conviction relief in the event such petition for writ of certiorari is never filed). See Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1083 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Petitioner filed his application for post-conviction relief and, thus, triggered the statutory tolling, without using any part of his one-year limitations period. However, Petitioner's statutory tolling expired and his period of limitations began to run on the day the Supreme Court of New Jersey denied his certification with regard to his post-conviction relief: the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court with regard to Petitioner's post-conviction relief had no relevance or effect upon Petitioner's period of limitations. See Lawrence v. Florida, 549 U.S. 327); Stokes, 247 F.3d at 542. Since: (a) denial of certification by the Supreme Court of New Jersey took place on February 19, 2008; (b) the Petition was filed on March 17, 2009, that is, about one year and four weeks later; and (c) Petitioner's response is silent as to any grounds for equitable tolling, the Petition is untimely. The Court, therefore, is constrained to dismiss the Petition.

Finally, the Court should determine whether to issue a certificate of appealability as to this matter. The AEDPA provides that an appeal may not be taken to the court of appeals from a

5

final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Here, this Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

The Court, therefore, will dismiss the Petition as untimely, and no certificate of appealability will issue. An appropriate Order accompanies this Memorandum Opinion.

June 11, 2009

*[signature]*
**Dickinson R. Debevoise**
**United States District Judge**